LASATER *v.* CRUTCHFIELD.

Opinion delivered November 29, 1909.

1. AGENCY—LIABILITY OF AGENT.—An agent who without authority contracts in the name of his principal will be personally liable to the other contracting party. (Page 538.)

2. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A chancellor's findings of fact will not be disturbed on appeal unless it is against the preponderance of the evidence. (Page 538.)

Appeal from Clay Chancery Court, Western District; *W. W. Bandy,* Special Judge; affirmed.

*Basil Baker,* for appellant.

*G. B. Oliver,* for appellee.

The findings of a chancellor on conflicting evidence will not be disturbed by this court. 83 Ark. 524; 87 Ark. 593; 114 S. W. 1181; 120 S. W. 843; 62 Ark. 611; 72 Ark. 67; 73 Ark. 489; 117 S. W. 765.

HART, J. J. N. Crutchfield began this suit in the Clay Circuit Court for the Western District against H. W. Lasater, and Ferguson & Wheeler Land, Lumber & Handle Company to recover the sum of $296.25 and interest alleged to be due for surveying lands. Plaintiff alleges in his complaint that H. W. Lasater represented that he was agent and manager of a corporation known as the Western Handle Company, organized and existing under the laws of the State of Missouri, and that as such agent he employed the plaintiff to survey a large amount of land located in Western District of Clay County for the Western Handle Company, and that he performed said work and did said surveying for and on behalf of the said Western Handle Company at the request and employment of the said Lasater. Plaintiff alleges further that the Western Handle Company was dissolved in June of 1908; that all of its assets of every kind were assigned and transferred to the Ferguson & Wheeler Land, Lumber & Handle Company, upon a consideration that the last-named company agreed to and did assume payment of all the debts and liabilities of the said Western Handle Company, and that the debts and liabilities amounted to less than the assets so transferred.

Defendants answered, denying the indebtedness, and asked that the cause be transferred to equity for the reason that plaintiff is seeking to subject the assets of the Western Handle Company now in the hands of Ferguson & Wheeler Land, Lumber & Handle Company to the payment of his claim. The cause was transferred to the chancery court. The chancellor found in favor of the plaintiff for the sum of $317.72, the amount of the account and interest against the defendant H. W. Lasater, and a

decree was entered in accordance with his finding. The defendant H. W. Lasater has appealed.

The sole question raised by the appeal is as to the correctness of the chancellor's finding on the facts.

The plaintiff, Crutchfield, in his own behalf, testified that the defendant Lasater employed him to do the surveying; and wrote out and gave to him the numbers of the land that he wanted surveyed. That he understood that Lasater was acting for the Western Handle Company. That after he had surveyed a part of the lands he met Lasater, who said: "Did you mark the lines plain?" And he says: "I want those lines marked plain, so the boys won't get over them." Plaintiff told him that Blunk said it was all right, and Lasater replied that if Blunk said so it was all right. He then asked plaintiff when he was going to do the rest of the surveying, and plaintiff replied that he would commence the next morning. The lands to be surveyed belonged to Ferguson & Wheeler. Lasater was bookkeeper and manager of the store of Ferguson & Wheeler, and also did some work for the Western Handle Company. Blunk was an employee of the Western Handle Company, and was engaged in buying and measuring timber for it. This company had bought the timber off the lands which were surveyed, and was engaged in removing it.

George B. Wheeler, of the firm of Wheeler & Ferguson, was the secretary and treasurer of the Western Handle Company. He was also the brother-in-law of the defendant Lasater. He was a witness in the cause, and denied that he had employed the plaintiff, or authorized any one else to do so.

Blunk testified that he knew that Crutchfield was doing the surveying. That he talked with Lasater about it during the progress of the work, and that Lasater told him that he did not know who employed plaintiff. The defendant Lasater admitted that he knew that the plaintiff was doing the surveying, but denied that he employed him to do the work. He admits that he spoke to him about making estimates as to the cost, but says that the matter was dropped there. He says that when he heard that plaintiff was doing the work he supposed that Geo. B. Wheeler had employed him. Testimony was also adduced in favor of the defendants tending to show that plaintiff

did not present his bill for the work for several months after it was done. Plaintiff testified as to the correctness of his account, and that it was due and unpaid.

The chancellor found against the defendant Lasater alone. It necessarily follows that he found from a preponderance of the testimony that Lasater did employ the plaintiff to do the surveying; but that in so doing he was acting beyond the scope of his employment with the Western Handle Company, and on that account became individually liable. An agent who contracts in the name of his principal without authority, so that the principal is not bound, will be personally liable to the other contracting party. *Dale* v. *Donaldson Lumber Co.,* 48 Ark. 188.

On appeal, an equity case is tried *de novo* upon the record made in the chancery court; but it has been repeatedly held by the court that the finding of fact made by the chancellor will not be disturbed unless it is against the preponderance of the testimony. It does not appear to us in this case that the finding of the chancellor was against the weight of the evidence.

The decree will therefore be affirmed.